IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

CINDY MIGLIORE,

    Plaintiff,

v.                                                                                 2:20-cv-02841-JDB-jay

SHELBY COUNTY, TENNESSEE, and
TEMIIKA D. GIPSON, Individually,

    Defendants.

_____

ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND
DENYING DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS
_____

        This matter is before the Court on objections by Defendants, Shelby County, Tennessee, and Temiika D. Gipson, to the Report and Recommendation ("R&R") issued by United States Magistrate Judge Jon A. York denying Defendants' motion for partial judgment on the pleadings. (Docket Entry ("D.E.") 35.)

### I.    Background

        Plaintiff, Cindy Migliore, initiated this action against Defendants on November 18, 2020, for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 ("FLSA"). (D.E. 1.) In her lawsuit, Migliore stated that Shelby County hired her as a Deputy Circuit Court Clerk on April 3, 2017, at which time she was classified as a non-exempt employee. (D.E. 1 at PageID 2-3.) Plaintiff claimed that Shelby County was responsible for establishing pay policies, including pay classification and overtime rates. (D.E. 26 at PageID 195-96.) According to these policies, employees were to receive compensatory time for hours worked in excess of 37.5 hours per week. (D.E. 1 at PageID 3.) Migliore further asserted that Gipson was hired as the Circuit Court Clerk for Shelby County on or about September 1, 2018. (D.E. 1 at PageID 5.)

1

The crux of Plaintiff's complaint is that she was allowed to "work off the clock" but was later told that she would not be paid for that work. (D.E. 26 at PageID 196.) A few weeks after Gipson was hired, she had a meeting with Plaintiff to "counsel" her regarding her overtime. (D.E. 1 at PageID 5-6.) When Migliore complained about the calculation of her compensatory time, Gipson wrote an email which, Plaintiff alleges, included misrepresentations and threatened disciplinary action. (D.E. 26 at PageID 196.) On or about September 23, 2019, Migliore avers that she was constructively discharged, and, at that time, she had accumulated substantial compensatory hours worked for which Defendants refused to pay. (D.E. 1 at PageID 3.) Plaintiff alleged that such conduct by Defendants was willful and knowing. (D.E. 1 at PageID 3.)

Prior to initiating this lawsuit, Migliore filed a civil warrant against Shelby County, Tennessee in the Shelby County General Sessions Court on June 17, 2020, for "[r]etirement/award of all earned and accrued comp time owed to Plaintiff on account of working more [] than 40 hours per week." (D.E. 26-1 at PageID 209.) She non-suited the General Sessions suit on April 1, 2021. (D.E. 26 at PageID 203, n.2).

## II.     Standard of Review

The Federal Magistrate Judges Act allows the district court to designate magistrate judges to issue "proposed findings of facts and recommendations for the disposition" of a motion for judgment on the pleadings. 28 U.S.C. § 636(b)(1)(B). Within fourteen days of the issuance of the recommendation, either party may file objections. *See* 28 U.S.C. § 636(b)(1)(C). Those parts of the report objected to are reviewed by the district judge de novo. *Id*.

After reviewing the evidence, the District Judge is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *Id*. The Court need not review, under a de novo or any other standard, those aspects of the R&R to which no specific objection is made.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985). Instead, the Court may adopt such unobjected findings and rulings of the magistrate judge. *Id*. at 151.

### III.   Discussion

In their motion seeking partial judgment, Defendants submit two arguments. First, they aver that Plaintiff has not set forth sufficient facts to make out a claim under the FLSA. (D.E. 21-1 at PageID 179-81.) Specifically, Defendants contend that Plaintiff's allegations are too vague because she did not state when she allegedly worked or when Defendants refused to pay her. (D.E. 21-1 at PageID 179-81.) Thus, Migliore has not established that any violation occurred within the applicable statute of limitations. (D.E. 21-1 at PageID 179-81.) Second, Defendants argue that Gipson cannot be individually liable under Title VII, the Americans with Disabilities Act, the Family and Medical Leave Act ("FMLA"), or the FLSA.[1] (D.E. 21-1 at PageID 181.) More specifically, Defendants insist that liability arises under the FLSA only when the individual sued qualifies as an "employer" and argue that Gipson does not fall under that definition. (*See* D.E. 21-1 at PageID 181-84.)

Magistrate Judge York concluded in his R&R that Migliore's allegations did meet the pleading standards for a FLSA claim and that she sufficiently pled facts for a willful and knowing violation. (D.E. 35 at PageID 236.) As for Defendants' second argument, Judge York determined that there were questions of fact as to whether Gipson was responsible for establishing pay policies which could place her within the definition of an "employer" and thus, subject her to liability under the FLSA. (D.E. 35 at PageID 238-39.) Accordingly, the magistrate judge recommended that Defendant's motion be denied. (D.E. 35 at PageID 239.)

   A. The Statute of Limitations

---

[1] Plaintiff has clarified that she is only asserting individual liability against Gipson under the FLSA. (D.E. 26 at PageID 200.)

3

The FLSA contains a two-year statute of limitations to recover unpaid overtime. 29 U.S.C. § 255(a); *Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 842 (6th Cir. 2002). The statute extends the filing period to three years if the defendant's violation was determined to be willful. 29 U.S.C. § 255(a).

Defendants urge the Court to find that the running of the statute of limitations began from the date this lawsuit was filed in federal court—November 18, 2020—and not from the date of the filing of the General Sessions warrant—June 17, 2020. (D.E. 36 at PageID 241.) More specifically, Defendants object to Judge York's finding that the wording of the Civil Warrant was sufficient to put Defendants on notice of a FLSA claim. (D.E. 36 at PageID 241.) Defendants also contend Migliore brought her General Sessions claim as one for breach of contract, not under the FLSA. (D.E. 36 at PageID 241-42.)

Plaintiff concedes that any FLSA claims that occurred between April 3, 2017, the date of her hire, and June 17, 2017, three years before the General Sessions suit, would be barred by the three-year statute of limitations. (D.E. 26 at PageID 203.) However, she insists that any violations of the FLSA after June 17, 2017, would fall within the applicable limitations period. (D.E. 26 at PageID 203.)

Migliore also avers that Gipson could be held individually liable under the FLSA by way of the willful conduct exception, which extends the filing deadline for FLSA claims to three years. (D.E. 41 at PageID 258.) According to Plaintiff, whether Gipson engaged in willful conduct is a question of fact, and as such, is inappropriate for the Court to determine at this point. (D.E. 41 at PageID 258.)

The Court agrees with Judge York's finding that Plaintiff has met the pleading standard for a FLSA claim. Some circuits require FLSA complaints to allege additional facts to meet this

standard. *See e.g. Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241-42 (3d Cir. 2014); *Landers v. Quality Commc'ns*, 771 F.3d 638, 641-45 (9th Cir. 2014); *Lundy v. Catholic Health Sys. of Long Island*, 711 F.3d 106, 113–14 (2d Cir. 2013); *Pruell v. Caritas Christi*, 678 F.3d 10, 14-15 (1st Cir. 2012). The Sixth Circuit has not detailed the FLSA pleading standards it requires, but has emphasized that *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 550 (2007) does not require a heightened fact pleading standard. *See Gibbs v. Sedgwick Claims Mgmt. Servs., Inc.*, No. 2:21-CV-2153-SHM-CGC, 2022 WL 36688, at *2 (W.D. Tenn. Jan. 3, 2022) (citing *Z Techs. Corp. v. Lubrizol Corp.*, 753 F.3d 594, 597 (6th Cir. 2014) ("The Sixth Circuit has not addressed FLSA pleading standards, but has emphasized that Twombly does not require heightened fact pleading of specifics.").

Although the Sixth Circuit has not explained the pleading requirements for an FLSA overtime claim, district courts within this circuit "have been clear that [an] extensively detailed factual pleading is not required in the context of an FLSA claim, so long as a defendant is given sufficient notice of the prima facie claim that it is being asked to defend." *Roberts v. Corr. Corp. of Am.*, No. 3:14-CV-2009, 2015 WL 3905088, at *7 (M.D. Tenn. June 25, 2015). For overtime claims, a plaintiff need not allege the particular work performed, the specific weeks during which the plaintiff worked overtime, or the number of hours for which the plaintiff was not paid overtime compensation. *See, e.g., Pope v. Walgreen Co.*, 2015 WL 471006, at *4–5 (E.D. Tenn. Feb. 4, 2015); *Carter v. Jackson-Madison Cty. Hosp. Dist.*, 2011 WL 1256625, at *4-6 (W.D. Tenn. Mar. 31, 2011).

Even if Plaintiff's complaint did not specifically state that she was making a FLSA claim against the Defendants, Migliore presented sufficient factual allegations as to each element of a FLSA claim by stating that she was employed by Defendants and worked several hours for

5

which Defendants failed to compensate her. Thus, the Court agrees with Judge York's determination that the Civil Warrant adequately put Defendants on notice that she was claiming a violation of the FLSA for unpaid wages and overtime.

The Court also finds that Plaintiff has sufficiently set forth factual allegations of a willful and knowing violation. In order to prove a willful violation, a plaintiff must establish that the employer knew or showed a reckless disregard for the matter of whether her conduct was prohibited by the FLSA. *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133-34 (1988). An allegation simply stating that a defendant "knew or had reason to know" of the alleged FLSA violation is insufficient to allege a willful violation of the FLSA. *Woods v. First Transit, Inc.*, No. 1:21-CV-0739-PAB, 2021 WL 4661662, at *9 (N.D. Ohio Oct. 7, 2021) ( citation omitted). Instead, a claimant "must plead facts about the defendant's mental state which, accepted as true, make the state-of-mind allegation plausible on its face." *Katoula v. Detroit Entm't, LLC*, 557 F. App'x 496, 498 (6th Cir. 2014) (internal quotations omitted).

In claiming that Defendants' actions were willful and knowing, Migliore states that the Defendants knowingly allowed her to work off the clock by taking work home and that she was specifically told that she would not be paid for those hours. (D.E. 1 at PageID 9; D.E. 26 at PageID 202.) She alleges that she had a meeting with Gipson to discuss her use of overtime and that the Circuit Clerk knew Plaintiff was not being paid for the additional hours. (D.E. 1 at PageID 6; D.E. 26 at PageID 202.) The Court holds that these allegations meet the pleading standards for a willful and knowing claim.

Further, the issue of willfulness in relation to the applicable statute of limitations is typically a question of fact for the jury. *Stansbury v. Faulkner*, 443 F. Supp. 3d 918, 935-36 (W.D. Tenn. 2020). A district court should only answer the question as a matter of law when

there is no legally sufficient evidentiary basis for a reasonable jury to find for the nonmoving party. *Id*. at 935.

Here, a reasonable factfinder could find that the Defendants' failure to pay Plaintiff for the overtime hours worked and their allowing Plaintiff to take work home was a willful and knowing violation of the FLSA. Thus, judgment on the pleadings on this question is denied as Plaintiff could prove a "set of facts in support of [her] claim that would entitle [her] to relief," which is the standard for this type of motion. *See Engler v. Arnold*, 862 F.3d 571, 574-75 (6th Cir. 2017). Further, the Court agrees with Plaintiff that whether the statute of limitations is two or three years is inappropriate for the Court to consider at this point as the facts underlying that determination is one for the jury at trial.

For the reasons given, Defendants' objection is **OVERRULED.**

### B. Gipson's Individual Liability

Next, Defendants challenge Magistrate Judge York's conclusion that Plaintiff's complaint was sufficient to state a claim for individual liability against Gipson. (D.E. 36 at PageID 242.) They argue that Gipson did not take office until September 1, 2018, and as such, Plaintiff worked for 17 months outside her supervision. (D.E. 36 at PageID 242.) According to Defendants, Gipson could not be responsible for anything that occurred prior to her taking office. (D.E. 36 at PageID 242.)

In response, Plaintiff concedes that, prior to September 1, 2018, the Clerk could not be held personally liable for violating Plaintiff's rights under the FLSA. (D.E. 41 at PageID 258.) Although it does not appear that the magistrate judge's R&R was in conflict with this finding as the R&R does not address this specific issue, Defendants' objection that Gipson could not be responsible for any allegations that occurred prior to her taking office is **SUSTAINED**.

7

Next, Defendants aver Gipson should not be exposed to individual liability under the FLSA because she is a government official. (D.E. 36 at PageID 243.) Defendants assert that individual liability arises under the FLSA only when the individual qualifies as an "employer" as defined by statute and Gipson does not fall under this definition. (D.E. 21 at PageID 181.)

The definition of "employer" under the FLSA includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. §§ 203(d). "[N]either the United States Supreme Court nor the Sixth Circuit Court of Appeals has addressed whether state officials and public employees are 'employers' subject to individual liability under the FLSA." *Perry v. Hardeman Cty. Gov't*, No. 19-1106-STA, 2020 WL 1963784, at *2 (W.D. Tenn. Apr. 23, 2020) (quoting *Fraternal Order of Police Barkley Lod. v. Fletcher*, 618 F. Supp. 2d 712, 715 (W.D. Ky. 2008)). However, several district courts have addressed the issue and concluded that individual employees of a public agency may be held liable as "employers" under the FLSA. *Perry*, 2020 WL 1963784, at *2; *Fletcher*, 618 F. Supp. 2d at 721-22.

In support of its position, Defendants point to the decision in *Mitchell v. Chapman*, 343 F.3d 811 (6th Cir. 2003), which found that public employers cannot be individually liable under the FMLA. (D.E. 21-1 at PageID 181-82.) Because the language of the FLSA and FMLA often mirror each other, Defendants submit that the FLSA also does not provide a cause of action for individual liability as to Gipson. (D.E. 21-1 at PageID 181-83.

In opposing Defendants' argument, Plaintiff relies on *Perry*, 2020 WL 1963784, at *2. (D.E. 26 at PageID 205.) The *Perry* court found that the analysis of *Mitchell* in *Willcox v. Tennessee Dist. Att'ys Gen. Conf.*, No. 3:07-CV-359, 2008 WL 4510031 (E.D. Tenn. Sept. 30, 2008), was persuasive in addressing this issue:

> The FLSA and the FMLA often mirror each other, indeed with many definitions of the FMLA being directly taken from the FLSA. Yet there is a distinction in the

8

> definition of "employer." Whereas the FLSA defines "employer" simply as "includ[ing] any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency," 29 U.S.C § 203(d), the FMLA separates these clauses, using a separate clause to define "employer" and three separate clauses to illustrate what the term "includes." 29 U.S.C § 2611(4)(A)(i)- (iv). The significance is that whereas the Sixth Circuit has held that the FMLA does not allow for individual liability of public agency employers . . . the FLSA's definition is far more vague. Applying the analysis under *Mitchell* to the FLSA, it would appear that the FLSA does allow for individual liability of public employers. Indeed, a sister court recently engaged in a detailed and thorough analysis of this issue and reached the same result. *Fraternal Order of Police Barkley Lodge # 60, Inc. v. Fletcher*, No. 5:07-CV-11-R, 2008 WL 49059 (W.D. Ky. Feb. 20, 2008). The court adopts and incorporates this analysis here and finds that an individual employee of a public agency may be liable under the FLSA.

*Perry*, 2020 WL 1963784, at *3 (quoting *Willcox*, 2008 WL 4510031, at *6, n.4). The *Perry* court adopted this reasoning and determined that the FLSA does allow for individual liability of public employers. *Id*.

Like the *Perry* Court, this Court finds the reasoning of *Wilcox* and *Fletcher* to be persuasive. As the analysis in *Perry* reflects, the FLSA and FMLA have different definitions of "employer." Thus, Defendants' argument that because the FMLA would not allow for Gipson to be held personally liable, then the FLSA also must not provide such liability, is unfounded. Further, an analysis of the definition of employer under the FLSA appears to indicate that the statute does allow for individual liability of public employers. *See Perry*, 2020 WL 1963784, at *3.

Although the Court finds that the FLSA permits public employers to be held individually liable, a question remains: whether Gipson falls under the definition of an "employer" within the FLSA. As noted above, Plaintiff alleges that Gipson, as Circuit Court Clerk, assumed the responsibilities of establishing pay policies, including pay classification and overtime rates during Plaintiff's employment. (D.E. 26 at PageID 195-96.) Yet, Defendants argue that Gipson's

9

role as clerk does not qualify as an "employer" under the FLSA. (D.E. 21-1 at PageID 184.) The Court agrees with Magistrate Judge York's conclusion that there are questions of fact for the jury to decide as to whether Gipson determined the employment practices and policies which could define her as an "employer" subject to liability under the FLSA. Accordingly, the Defendants' objection is OVERRULED.

Finally, Defendants insist that any claim that may exist against Gipson is merely duplicative of the contentions Plaintiff has against Shelby County because the governmental entity is already a defendant in this action. (D.E. 36 at PageID 243.) Thus, the claims against Gipson should be dismissed. (D.E. 36 at PageID 243.) Defendants cite no authority in support of this position. (D.E. 36 at PageID 243.) Defendants also contend that Plaintiff's initial complaint filed in General Sessions Court did not put Gipson on notice as she was not a named defendant. (D.E. 36 at PageID 241.) Once again, Defendants did not cite to any authority when making this argument. (D.E. 36 at PageID 241-42.)

When a party argues an issue "in a perfunctory manner, unaccompanied by some effort at developed argumentation," that issue is "deemed waived" as "[i]t is not sufficient for a party to mention a possible argument in [a] skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir.1997) (quoting *Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n,* 59 F.3d 284, 293–94 (1st Cir.1995)). Therefore, because Defendants provided no supporting citation while also failing to fully explain either of these two arguments, the Court determines that Defendants have waived these arguments and their objections are OVERRULED.

### IV.   Conclusion

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's objections, (D.E. 36), to Magistrate Judge York's R&R are **OVERRULED**, and the R&R of the magistrate judge, (D.E. 35), is **ADOPTED**. Accordingly, Defendants' motion for partial judgment on the pleadings is **DENIED** except that Plaintiff concedes that any claims that occurred between April 3, 2017, and June 17, 2017, would be barred by the three-year statute of limitations. (D.E. 21.)

IT IS SO ORDERED this 25th day of March 2022.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE